An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MEGAN O. WALSH; AND NATHANIEL
M. WALSH,
Appellants,
vs.
GREEN TREE SERVICING, LLC, A
MINNESOTA LIMITED LIABILITY
COMPANY; QUALITY LOAN SERVICE
CORPORATION, A CALIFORNIA
CORPORATION; AND PLATINUM
FIRST MORTGAGE, LP, AN OHIO
LIMITED PARTNERSHIP,
Respondents.

No. 65055

**FILED**

MAY 2 0 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is an appeal from a district court order dismissing a quiet title action. Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

Appellants alleged in their complaint that title to the subject property should be quieted in them because the promissory note that they signed when they purchased the property was securitized, in which process any right under the note to bring a foreclosure action was destroyed. Respondent Green Tree Servicing, LLC moved to dismiss the complaint, providing copies of the deed of trust and certain foreclosure documents to the district court as evidence. The district court took judicial notice and dismissed the action in its entirety. Appellants timely appealed, arguing that dismissal was improper or that appellants should

SUPREME COURT
OF
NEVADA

(O) 1947A

15-15509

be permitted to amend their complaint to add Fannie Mae, the entity that purchased the property at the foreclosure sale, and proceed against it.

We review de novo a district court order granting a motion to dismiss. *State ex rel. Johnson v. Reliant Energy, Inc.*, 128 Nev. Adv. Op. No. 46, 289 P.3d 1186, 1189 (2012). In doing so, we "accept[ ] all factual allegations in the complaint as true, and draw[ ] all inferences in the plaintiffs' favor." *Id.* "We will uphold an order of dismissal when it appears beyond a doubt that the plaintiff could prove no set of facts that would entitle him or her to relief." *Id.* "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Because appellants' legal theory, that the right to foreclose under the note was destroyed when the note was securitized, is not a recognized legal theory in Nevada, *see Edelstein v. Bank of N.Y. Mellon*, 128 Nev. Adv. Op. No. 48, 286 P.3d 249, 256-60 (2012) (discussing securitization), we conclude that the district court did not err when it dismissed appellants' complaint.

Turning to appellants' contention that they should be allowed leave to amend their complaint, while leave to amend should be "freely given when justice so requires," NRCP 15(a), "leave to amend should not be granted if the proposed amendment would be futile . . . [, and] plead[ing] an impermissible claim" is futile. *Halcrow, Inc. v. Eighth Judicial Dist. Court*, 129 Nev. Adv. Op. No. 42, 302 P.3d 1148, 1152 (2013). As we have explained, appellants have not set forth a cognizable

legal theory and thus it is irrelevant against whom they assert that theory. Accordingly, we conclude that the district court did not err in refusing to allow appellants to amend their complaint, and we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Parraguirre

_____, J.          _____, J.
Douglas                               Cherry


cc:    Hon. Lynne K. Simons, District Judge
       Debbie Leonard, Settlement Judge
       Terry J. Thomas
       Brooks Hubley LLP
       Washoe District Court Clerk

---

[1]We have considered appellants' other arguments and conclude that they lack merit.